IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LAURIE GILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV527 |
| ) | Judge: Guyton |
| PILOT TRAVEL CENTERS, LLC, ) | |
| ) | |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

This matter coming before the Court on the joint application and agreement of Plaintiff Laurie Gilbert and Defendant Pilot Travel Centers, LLC. (collectively the "Parties") as to the terms and entry of a protective order governing discovery materials in this action which contain certain confidential information and the Court, in accordance with its authority under Federal Rule of Civil Procedure 26(c), finding that such application should be granted;

IT IS HEREBY ORDERED:

The following terms and conditions shall govern the production of confidential materials in the case styled *Laurie Gilbert v. Pilot Travel Centers, LLC* Case No. 3:10-CV527 (hereinafter the "Litigation").

1. This Order shall apply to certain documents or portions thereof and the information contained therein, which any person or entity designates as "Confidential Material" in the manner described below. Confidential Material as used herein means any type or classification of information which is designated as "Confidential" by the supplying party. In designating information as Confidential Material, the supplying party will make such designation

only as to that information which it, in good faith, believes contains confidential information, and such designations are to be made as sparingly as is consistent with the legitimate business concerns of the Parties.

2. Such documents or portions thereof may be designated Confidential Material by a producing person or entity by marking the following legend on the face of the documents, and on each page containing confidential information: "CONFIDENTIAL."

3. To the extent that material stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Computer Data") is produced by any person or entity in such form, the producing person or entity may designate such material as Confidential Material, if the requirements of Paragraph 1 above are met, by cover letter referring generally to such material. Whenever any person to whom Computer Data designated as Confidential Material is produced reduces such material to hard-copy form, such person shall mark such hard-copy material with the legend provided for in Paragraph 2 above.

4. Confidential Material shall only be used for purposes of the Litigation and for no other purpose whatsoever except as otherwise permitted by this Order or required by law, and may be disclosed only to the following persons:

    a. Counsel for any party to the litigation and their associates, paralegals, or clerical or other support staff;

    b. Plaintiff and Employees, officers, and directors of Defendant who have a need to review the material in connection with the Litigation;

    c. Experts or consultants (including their employees, associates, and/or other support staff) retained by a party to the Litigation;

d. Interviewees, and potential witnesses, deponents or hearing witnesses that counsel for a party to the Litigation in good faith determines need to have access to Confidential Material in order for counsel to effectively prosecute or defend the Litigation;

e. The Court, its personnel, and the jury; and

f. During trial confidential material may be used during witness examination, filed as Exhibits and used during argument without having to comply with this Protective Order. However, the designating party may move the Court that any such material should be filed under seal, and if such motion is granted the material shall remain part of the record and will be included in the record of any appeal, under seal.

5. Confidential Material shall not be disclosed to any person referred to in subparagraphs 4(b), 4(c) or 4(d), unless and until such person has read and agreed to be bound by the terms and conditions of this Order. Counsel shall ensure that all persons referred to in paragraph categories 4(b), 4(c) or 4(d) are familiar with this Protective Order and shall instruct such persons that they are bound by the terms thereof. Attached Exhibit A, Agreement of Confidentiality, shall be signed by the above-referenced persons before they are granted access to Confidential Material.

6. All persons governed by this Protective Order, by reviewing Confidential Material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Protective Order, or for any action for contempt for violation of the terms of this Protective Order.

7. The persons governed by this Protective Order shall not disclose, advertise, or otherwise publish or use the Confidential Material or the information contained in the Confidential Material, except in connection with this Litigation.

8. The terms of this Protective Order shall govern the Confidential Material, all copies thereof, and any notes, lists, memoranda, indices, or compilations which are based wholly or in part upon the examination of such Confidential Material and which also disclose their contents.

9. Confidential Material may be included in affidavits, statements and responses to interrogatories or requests for admission prepared in connection with the Litigation, provided that the party including Confidential Material places the "CONFIDENTIAL" legend on the front of any such document and each page thereafter which is part of the document alleged to be confidential.

10. Any party to the Litigation may use Confidential Material in the course of a deposition provided the deponent is furnished a copy of this Order and has signed a copy of Exhibit A before examination of any confidential documents. Counsel for Plaintiff will show Plaintiff this Order and have Plaintiff sign Exhibit A prior to his deposition and counsel for Defendant will take the same steps for its employees that are going to be deposed. Any party may designate the portion of the transcript (including exhibits) that contains Confidential Material with a statement to such effect on the record in the course of the deposition. The party should also advise the court reporter. In addition, counsel for a party shall be permitted in good faith to designate those portions of the transcript and exhibits containing Confidential Material as confidential within twenty (20) days following receipt of the transcript of such depositions. Until such time, all parties shall treat the deposition as Confidential. If portions of the transcript

4

or exhibits are designated as confidential, the "CONFIDENTIAL" legend shall be placed on the original and each copy of the transcript identifying the pages of its deposition so designated as Confidential Material. If the transcript or a portion of a transcript containing Confidential Material is filed with the Court, it shall be filed under seal and bear the "CONFIDENTIAL" legend as described above. If all or part of a videotaped deposition is designated as confidential, the videocassette or other videotape container shall be labeled with the "CONFIDENTIAL" legend.

11. Confidential Material which is desired to be disclosed (whether by way of verbatim or summary reference or as an exhibit) in any court filing shall be filed under seal in an envelope conspicuously labeled "Confidential Material" and in accordance with E.D.TN. LR 26.2. In filing materials with the Court in pretrial proceedings, where practicable, counsel shall file under seal only those specific documents and testimony designated "CONFIDENTIAL," and only those specific portions of court filings which contain Confidential Material.

12. If any party to the Litigation disputes the designation of any document, information or deposition transcript as Confidential Material, the Parties shall attempt to resolve by agreement the question of whether or on what terms the document is entitled to confidential treatment. If the Parties are unable to agree as to whether the document or deposition transcript is properly designated as Confidential Material, counsel for the party objecting to the designation may file an appropriate motion with the Court to determine the confidentiality of the material. The burden rests upon the person or entity seeking confidentiality to demonstrate that such designation is proper. Until a final resolution of the dispute is achieved either through consent or court order, all parties shall treat the designated documents or deposition transcripts as Confidential Material.

13. Nothing in this Order shall prevent any person or entity from using or disclosing its own documents or information.

14. A person's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

15. This Order shall survive the termination of the Litigation and shall continue in full force and effect thereafter. Confidential documents shall be returned to the producing person or entity or destroyed within ninety (90) days after a Court Order finally terminating the Litigation. Upon request, each person or entity shall provide the producing person or entity with a declaration certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph have been returned or destroyed.

16. Any person in possession of Confidential Material who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards, or associations) who is not a party to this Order seeking production or disclosure of such Confidential Material shall promptly give telephonic notice and written notice by overnight delivery and/or telecopier to counsel for the person or entity who produced and/or designated the materials as "CONFIDENTIAL", identifying the materials sought and enclosing a copy of the subpoena or other process where possible at least ten (10) business days before production or other disclosure shall be given. In no event shall production or other disclosure be made before the latest of (a) the date on which notice is given, or (b) the return date of the subpoena.

17. This Order may be modified or amended by order of the Court.

18. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Neither shall the inadvertent production of documents without the "CONFIDENTIAL" legend which should be so designated be deemed a waiver of the right to designate such materials in accordance with Paragraphs 2 and 3.

19. If information inadvertently produced in discovery is subject to designation as Confidential Information or is subject to a claim of privilege or of protection as trial-preparation or work product material, the party making the claim that the information is confidential or privileged may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies thereof. The receiving party must not use or disclose the information until the claim regarding the information is resolved, and must take reasonable steps to retrieve the information if the party disclosed it before being notified of the claim. The receiving party may present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

20. If a party receives information that reasonably appears to be subject to a claim of privilege or of protection as trial-preparation or work product material, the receiving party shall immediately notify the producing party of its receipt of such information and shall promptly return or sequester such information until the producing party has had an opportunity to review the information and determine whether it is subject to such a claim. The receiving party must not use or disclose the information until the claim regarding the information is resolved, and must take reasonable steps to retrieve the information if the party disclosed it before discovering or

721907.2

7

Case 3:10-cv-00527-HBG   Document 14   Filed 09/06/11   Page 7 of 9   PageID #: 79

being notified that the information is subject to a claim of privilege or protection as trial-preparation or work product materials. If the receiving party disputes the producing party's claim, it may present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

IT IS SO ORDERED this ~~12th day of February, 2010.~~ 2d day of September, 2011

*Bruce Guyton*

APPROVED FOR ENTRY:

BURKHALTER, RAYSON & ASSOCIATES

*s/David A. Burkhalter, II*
David A. Burkhalter, II, BPR #004771
Ronald A. Rayson, BPR #013393
P.O. Box 2777
Knoxville, Tennessee 37901
(865) 524-4974
*Attorneys for Plaintiff*

WOOLF, MCCLANE, BRIGHT
ALLEN & CARPENTER, PLLC

*s/J. Chadwick Hatmaker*
J. Chadwick Hatmaker, BPR # 018693
900 S. Gay Street
Knoxville, TN 37901-0900
(865) 215-1000
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LAURIE GILBERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:10-CV527 |
| | ) Judge: Guyton |
| PILOT TRAVEL CENTERS, LLC, | ) |
| Defendant. | ) ) |

## AGREEMENT OF CONFIDENTIALITY

The undersigned hereby acknowledges that, having read the Agreed Protective Order on confidentiality entered in the above-captioned action, he/she understands the terms thereof and agrees to be bound thereby and to ensure that any employees and/or clerical assistants will also abide thereby, under penalty of contempt.

Entered under penalty of perjury this _____ day of _____, 2011

Name: _____

Title: _____

Address: _____

721907.2